UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SHAQUILLA L. GIPSON** | * | **CIVIL ACTION NO. 5:22-CV-00652** |
| | * | |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| | * | |
| **THE KROGER CO., ET AL.** | * | **MAGISTRATE JUDGE HORNSBY** |

**FIRST AMENDED COMPLAINT OF
PLAINTIFF, SHAQUILLA L. GIPSON**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Shaquilla L. Gipson, who in accordance with Federal Rule of Civil Procedure 14, files the attached First Amended Petition against The Kroger Company ("The Kroger Co."). Ms. Gipson has recently alerted undersigned counsel that she wishes to make a claim for lost wages, and further amends her original petition (complaint) as follows:

**PARTIES**

"The petition of Shaquilla L. Gipson who resides and is domiciled in Arcadia, Bienville Parish, Louisiana, respectfully represents:

"1.

The following party made defendant herein, is justly and legally indebted, unto your petitioner, Shaquilla L. Gipson, for the amounts which will be required to fix or make up for what cannot be fixed including the injuries, harms, and losses she suffered and will continue into the future to suffer as the result of the fall described below and as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the reasons and causes of action hereinafter stated:

(a) The Kroger Co., a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its designated agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

## VENUE

"2.

At all times mentioned herein:

(a)   Shaquilla L. Gipson, an individual of the full age of majority, was a customer of The Kroger Co., located at 6652 Youree Drive, Shreveport, Caddo Parish, Louisiana; and

(b)   The Kroger Co., the owner and operator of Store #K035 Kroger East/Dallas, located at 6652 Youree Drive, Shreveport, Caddo Parish, Louisiana.

"3A.

The injuries, harms, and losses, for which recovery is sought herein, resulted from a fall that occurred on or about May 4, 2021, at the premises located at 6652 Youree Drive, Shreveport, Caddo Parish, Louisiana. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## JURISDICTION

"3B.

Kroger removed plaintiff's original state claim based on diversity and the amount in dispute. This court permitted removal and found jurisdiction to exist at that time pursuant to 28 U.S.C. § 1332(a). This amendment does not affect the removability of this matter as there will still be complete diversity of the parties (Shaquilla L. Gipson – Louisiana citizen; The Kroger Co. – Ohio citizen) providing jurisdiction to this court pursuant to 28 U.S.C. § 1332, *et seq*.

## AMOUNT IN CONTROVERSY

"4.

At the time, place, and circumstances aforesaid, your petitioner, Shaquilla L. Gipson, was at the Starbucks, located near the front of the Kroger store, walking from the checkout to the waiting area when suddenly, and without warning, she slipped in a wet substance on the floor, resulting in the injuries, harms, and losses complained of herein. The amount required to restore plaintiff will exceed $75,000.00, the amount required for diversity removal jurisdiction.

## FACTUAL BASIS FOR PLAINTIFF'S CLAIMS AND CAUSE OF ACTION

"5.

The location of the spill, the nature of the spill, and the appearance of the wet substance on the floor were such that defendant knew or should have known and had actual or constructive notice of the substance and should have taken immediate steps to mark and clean the area before plaintiff slipped and fell, but that defendant failed to exercise reasonable care.

"6.

Petitioner, Shaquilla L. Gipson, did not cause or contribute to the cause of this fall in any way.

"7.

Petitioner herein shows that the resulting injuries, harms, and losses were caused by the fault (La. Civ. Code art. 2315) and negligence (La. Civ. Code art. 2316 and La. Rev. Stat. § 9:2800.6) of The Kroger Co. in the following non-exclusive particulars:

(a) Maintaining the premises in an unsafe and hazardous condition, i.e., the unattended wet substance on the floor;

(b) Failure to clean up the wet substance on the floor;

(c) Failure to place warning signs of adequate size and in such location as to advise expected store customers of the dangerous condition posed by the wet substance on the floor;

(d) Leaving the wet substance on the floor surface unattended and failure to warn customers of the existence of the water; and

(e) For other acts and omissions to be shown at trial hereof.

"8.

If it is shown that the fault and negligence of any person(s), other than The Kroger Co., contributed to the fall described herein, petitioner shows that the fault and negligence of The Kroger Co. also contributed to, and was the proximate cause of, the said fall.

"9.

The fall caused petitioner, Shaquilla L. Gipson, to suffer injuries, harms, and losses including pain, mental anguish, and distress as a result of the injuries she sustained in said fall including, but not limited to, lumbar back pain with radiculopathy affecting her right lower extremity, lumbago with sciatica on her left side, headaches, and cervicalgia.

"10.

Petitioner, Shaquilla L. Gipson, has sustained such harms and losses as are reasonable in the premises, including, but not to limited to, past and future medical expenses, medical report charges, lost wages, loss of enjoyment of life, past, present, and future pain and suffering, and past, present, and future mental anguish and distress, as a result of the above-described fall.

"11.

Petitioner shows that it will be necessary to call expert witnesses at the trial of this matter, and that the fees of such witnesses should be set by the Court and should be taxed as costs of this suit against defendant.

"WHEREFORE, PETITIONER PRAYS that defendant, The Kroger Co., be duly cited to appear and answer this complaint, and that it be served with a copy hereof;

That after necessary legal delays and due proceedings had, there would be judgment therein in favor of petitioner, Shaquilla L. Gipson, and against defendant, The Kroger Co., for the amount of money required to fix what can be fixed and make up for the injuries, harms, and losses which cannot be fixed as is reasonable in the premises, including but not limited to past and future medical expenses, medical report charges, lost wages, loss of enjoyment of life, past, present, and future

pain and suffering, and past, present, and future mental anguish and distress, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings;

That the fees of expert witnesses be set by the court and taxed as costs of this suit against defendants; and

For all costs of this suit, and for full, general, and equitable relief for all orders and decrees necessary and proper in the premises.

Respectfully submitted,

RICE & KENDIG

*s/ Franeka D. Taylor*
**Franeka D. Taylor – Bar No. 40070**
1030 Kings Highway
Shreveport, Louisiana 71104
Telephone No.: 318-222-2772
Facsimile No.: 318-222-2770
ftaylor@ricekendig.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I electronically filed the foregoing with the Clerk of Court using the CM/EFC system, which will send a notice of electronic filing to all counsel of record. There are not any non-CM/ECF participants.

| | |
|---|---|
| **Mr. Steven E. Soileau** | **Ms. Gemma Zuniga** |
| Thomas, Soileau, Jackson & Cole, LLP | Thomas, Soileau, Jackson & Cole, LLP |
| 401 Edwards Street, Suite # 2015 | 401 Edwards Street, Suite # 2015 |
| Shreveport, LA 71101 | Shreveport, LA 71101 |
| Telephone: (318) 216-5058 | Telephone: (318) 216-5058 |
| Facsimile: (318) 216-5087 | Facsimile: (318) 216-5087 |
| steve@tsjclaw.com | gemma@tsjclaw.com |

Shreveport, Louisiana, this 4th day of April 2022

*s/ Franeka D. Taylor*
**Franeka D. Taylor**
Of Counsel