UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SHAQUILLA L GIPSON** | **CASE NO. 5:22-CV-00652** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KROGER CO ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 24] filed by Defendant the Kroger Company ("Kroger"). Plaintiff Shaquilla Gipson ("Gipson") has filed an opposition [Doc. No. 32]. Kroger filed a reply [Doc. No. 33].

For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of a slip and fall that occurred in a Kroger store in Shreveport, Louisiana. Gipson filed suit in the 1st Judicial District Court, Caddo Parish, Louisiana, on March 2, 2022. The suit was properly removed to this Court on the basis of diversity jurisdiction on March 8, 2022.

On or around May 4, 2021, Gipson was a patron of the Kroger store located at 6652 Youree Drive in Shreveport, Louisiana. After retrieving a grocery cart and purchasing her groceries, Gipson went to the Starbucks Coffee Shop ("Starbucks") located within the Kroger store to buy a caramel macchiato, which she had done "about a hundred times before."[1] While in the Starbucks, she was talking on the phone and pushing her cart simultaneously when she fell. The fall is captured partially on video. Gipson claims that she does not remember what happened and has no

---

[1] [Doc. No. 24-4, p. 2; Shaquilla Gipson Depo.]

memories of the fall until the EMTs arrived on the scene. The video shows Gipson moving her head up and down and looking around the area right after the fall and before the EMTs arrived.

After the EMTs arrival, a cardboard display was moved aside to create space. When the display board was moved, there appeared to be drops of liquid on the floor. This was allegedly some five to six feet away from where Gipson fell. Photographs from the scene show Gipson's shoes and clothing, which had no traces of liquid on them.

According to her testimony, Gipson claims that she did not see any liquid on the floor before or after her fall.[2] When Gipson was asked a subsequent question about the liquid on the floor, she stated that she had no knowledge of what the source of the liquid was.[3] She was also shown a photo of the drops of liquid that appeared after the carboard display was moved, and she stated that she had no idea how long that liquid or any liquid had been on the ground prior to her falling.[4]

Furthermore, Gipson was questioned on whether she knew what caused her to fall. She stated:

> Q: You don't even have any idea if you slipped on liquid or not, do you?
> A: Like I stated, I walked over to the waiting area and I just fell. That's all I remember.
> Q: I'll try it this way. Do you know what caused you to fall?
> A: No, sir.[5]

---

[2] [Doc. No. 24-4, pp. 3-4]
[3] [Id., pp. 7-8]
[4] [Id.]
[5] [Id., p. 8]

Gipson further testified that she did not remember her clothing being wet, but to the best of her knowledge, they were not wet.[6] She further agreed that the spots of water being some distance away from her was not a statement she could contradict.[7]

Kroger argues that Gipson cannot prove that she fell due to a liquid substance that Kroger knew or should have known about in the exercise of reasonable care. Gipson argues that, pursuant to Kroger's cleaning policies, Kroger knew or should have known of the liquid substance on its floor and that it failed to exercise reasonable care, resulting in her fall and subsequent injuries.

The issues are briefed, and the Court is prepared to rule.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record...").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[6] [Id., p. 9]
[7] [Id., p. 10]

(1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248).

Note that "a district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991); *see also Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) ("If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved . . . . The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.").

### B. Louisiana Revised Statute 9:2800.6

Louisiana Revised Statute 9:2800.6 sets out the burden of proof for persons bringing negligence claims against merchants for falls on their premises. *Hernandez v. Nat'l Tea, Inc.*, 98-950 (La. App. 5 Cir. 5/19/99), 734 So. 2d 958. The statute states in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

4

>   This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against the merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
>
>   1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
>   2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
>
>   3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
>   "Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.
>
>   "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.

La. R.S. 9:2800.6. Under Louisiana law, "merchants are required to exercise reasonable care to protect those who enter the premises, and this duty extends to keeping the premises safe from unreasonable risks of harm and warning persons of known dangers." *Moore v. Murphy Oil USA, Inc*., 2015 CA 0096 (La. App. 1 Cir. 12/23/15), 186 So.3d 135, 145. The analysis for a merchant's duty to its invitees is one of reasonableness— whether the merchant acted reasonably in fulfilling its duty to protect its invitees. *McCrea v. Petroleum, Inc*., 1996-1962 (La. App. 1st Cir. 12/29/97), 705 So. 2d 787.

5

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages, as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B).

*McCarty v. Wal-Mart La., LLC*, 2021 U.S. Dist. LEXIS 3261, *4-5 (W.D. La. 01/07/21).

### C. Analysis

The Court will first analyze each of the three elements of the action that Gipson has the burden of proving.

#### 1. Unreasonable risk of harm, foreseeability

"A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances." *Moore*, 186 So.3d at 147 (citations omitted). The determination of whether that condition was unreasonably dangerous involves a risk-utility balancing test set forth in *Dawsey v. Kmart Corp.*, 2019 U.S. Dist. LEXIS 179717 (W.D. La. 2019). The analysis for determining whether a condition is unreasonably dangerous requires consideration of four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility, or whether it is dangerous by nature. *See id.* at *4 (*citing Pitre v. Louisiana Tech University*, 95-1466 (La. 05/10/96), 673 So.2d 585, *cert. denied*, 519 U.S. 1007 (1996)). "Simply put, the trier of fact must decide whether the social

value and utility of the hazard outweigh, and thus justify, its potential harm to others." *Moore*, 186 So.3d at 147 (citation omitted). It is reasonable for invitees to expect a merchant's adherence to this legal duty and, as such, invitees are not required to inspect the floors in front of them in a search for defects. *See, e.g., Perez v. Wal-Mart Stores*, 608 So.2d 1006, 1008 (La. 1992).

Defendant Kroger asserts that although Gipson claims that she slipped and fell in a foreign substance, she has no evidence verifying that. Instead, it asserts, Gipson only knows that she fell but does not know what caused her to fall. The only evidence of a liquid on the floor was nearly five feet away from the location of Gipson's fall. Kroger further contends that there was no substance on the floor that caused Gipson to fall, and that Gipson failed to establish that she fell due to a condition existing in or on the merchant's premises. Kroger believes that Gipson cannot establish this element of her cause of action.

In opposition, Gipson argues that she can establish the factors necessary to prove that the foreign substance created an unreasonable risk of harm that was foreseeable. First, Gipson argues that her fall was in a high traffic area of the Kroger store, which was the Starbucks cash register and receiving counter. Second, Gipson concedes that the foreign substance was not open and obvious. Her argument for why it was not open and obvious, though, is that the substance, water, is colorless and odorless, thereby making it not open and obvious by its nature. Third, Gipson states that her view of the floor was obstructed because she was pushing a grocery cart. To support this contention, Gipson asserts that Louisiana courts have taken into consideration the fact that if a customer is pushing a grocery cart, their view of the ground will be obstructed. *See Ratcliff v. Winn-Dixie Stores, Inc.*, 2018 WL 1532980 (E.D. La. Mar. 29, 2018). Lastly, Gipson argues that the repair cost on Kroger is low because the water could have easily been cleaned, but she asserts that the risk of harm to herself and other patrons is great.

### 2. Creation of unreasonably dangerous condition and reasonable care

Gipson must establish that Kroger had actual or constructive notice of the hazard prior to the fall. "A plaintiff can satisfy section 9:2800.6(B)(2) ... if a defendant 'creates' the dangerous condition." *McGinnis v. Target Corp.*, 2019 U.S. Dist. Lexis 156688, *7 (E.D. La. 09/13/19). There is no actual notice in this case, so Gipson has the burden of proving constructive notice.

> "Constructive notice" means the claimant has proven the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists, does not alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise or reasonable care should have known, of the condition.

La. R.S. 9:2800.6. In *White v. Wal-Mart Stores, Inc.*, 629 So.2d 1081 (La. 1997), the court held that the "claimant must make a positive showing of the existence of the condition prior to the fall." The Supreme Court of Louisiana further held that the defendant/merchant is not required to show the absence of the existence of the condition, and the claimant who simply shows that a condition existed but cannot show for how long the condition existed prior to the fall has not carried the burden of proving constructive notice. *Id*.

Kroger argues simply that Gipson has provided no evidence to establish actual or constructive notice on the part of Kroger of liquid on the floor at the location of where she fell.

In her opposition, Gipson states that video surveillance footage began fifteen minutes prior to the fall, and there was nothing in those fifteen minutes indicating that a spill occurred. Despite this, Gipson argues that she has carried her burden of proving that the liquid was on the floor for some period of time because Kroger failed to exercise reasonable care. She cited the deposition of Kroger Manager Daren Morningstar ("Morningstar") who explained Kroger's "Top of the Hour" cleanup procedure. He described it as follows: "[W]e have what's called top of the hour. [I]t is

8

when every department…[does] like a touch-up of the store and make sure everything is nice and fronted as it should be."[8] When asked who is responsible for the cleaning around the Starbucks, Morningstar stated, "The barista and whoever happens to walk by. It's everybody."[9] This line of questioning was to prove that if Gipson fell at 6:07, then the area should have been cleaned at 6:00. Morningstar testified that the top of the hour is not at exactly the exact top of the hour every time, though, due to shift changes, etc.[10] In sum, Gipson argues that based on the "top of the hour" cleanup procedure, Morningstar's testimony regarding the responsibilities of the barista, and the video showing that the top of the hour cleanup was not performed at 6:00, approximately seven minutes prior to Gipson's fall, the Court should find in her favor. Specifically, she asks the Court to find that the Starbucks barista in the immediate vicinity of the foreign substance on the floor shows that the barista knew, or in the exercise of reasonable care, should have known of the substance on the ground near the Starbucks receiving counter.

### D.  Gipson has failed to establish a genuine issue of material fact

The Court finds that Gipson has produced no summary judgment evidence to contradict Kroger's arguments. She has not established by a preponderance of evidence that she slipped and fell in a substance created by, or known by, Kroger.

Gipson testified that she did not know whether there was substance on the floor or what the potential substance on the floor was. She conceded that there was no liquid substance on her person immediately following the fall, and she has not proven that there was an unreasonable risk of harm under the circumstances. In sum, Gipson has failed to produce competent summary judgment evidence to support her claim that a liquid substance caused her to slip and fall.

---

[8] [Doc. No. 32-3, p. 12-15]
[9] [Id.]
[10] [Id.]

Further, Gipson has provided scant evidence that Kroger employees were aware of any substance prior to the fall. Instead, Gipson's attempt to prove constructive notice read more to the Court as if she were critiquing the procedures of Kroger, without actually proving how this argument favors her contention that the spill existed for some time and that Kroger failed to exercise reasonable care in cleaning the spill. Gipson has failed to prove prior actual or constructive notice of the condition which she says caused her fall.

Finally, even if Gipson could prove actual or constructive notice, the photographs taken at the scene of the incident show that she could not have slipped and fell in a puddle of water because the only liquid discovered near the location of her fall was some five-to-six feet away from where she fell. Gipson has failed to show that there is a genuine issue of material fact as to what caused her fall. Gipson's own testimony, that she does not know how she fell, disputes that she ever came into contact with any liquid substance prior to her fall, and the facts show that Gipson did not fall due to a condition in or on the Kroger store premises. The Court finds that Gipson has not met her burden of proof under La. R.S. 9:2800.6.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 24] filed by Defendant the Kroger Company is **GRANTED**, and Plaintiff Shaquilla Gipson's claims against all Defendants are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 6th day of March 2023.

TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT JUDGE